1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES,                          No.  2:21-cr-0182 DJC KJN P

12                Plaintiff/Respondent,

13        v.                                 ORDER

14   DORU GABRIEL TRIFU,

15                Defendant/Petitioner.

16

17        Doru Gabriel Trifu, a former federal prisoner, filed a "Motion to Grant the Injunctive

18   Relief."  (ECF No. 9.)  As discussed below, petitioner's motion is denied without prejudice, and

19   petitioner shall file an opposition or statement of opposition to respondent's motion to dismiss.

20   Background

21        On January 30, 2023, the undersigned construed the July 5, 2022 filing as a petition under

22   28 U.S.C. § 2241 and ordered the government to respond within sixty days.  On April 4, 2023,

23   petitioner filed a motion to grant injunctive relief, arguing that because the government failed to

24   timely respond, petitioner's requested relief should be granted.

25        On April 12, 2023, the government filed a motion to dismiss arguing, inter alia, that

26   petitioner is no longer in custody, and this court has no jurisdiction over petitioner's § 2255

27   motion.

28   ////

1

Discussion

Petitioner's motion seeks an order granting his requested relief based on the government's failure to timely respond.  Such motion is unavailing.  It is settled law that default judgments are not available in federal habeas corpus actions.  See Gordon v. Duran, 895 F.2d 610 (9th Cir. 1990) (failure of the state to file a timely response to petition "does not entitle the petitioner to a default judgment"); Blietner v. Wellborne, 15 F.3d 652 (7th Cir. 1994) ("default judgments are disfavored in habeas corpus cases") (collecting cases).  Thus, petitioner's motion is denied, and the government is relieved of its obligation to respond thereto.

Although the government's response was due on March 31, 2023, the government filed a motion to dismiss on April 12, 2023, and explained the delay was based in part on the conflicting construction of Trifu's filing (ECF No. 10 at 2 n.1.).  The court has discretion to grant requests for extensions of time.  See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference" unless party prejudiced by decision).  The undersigned does not find that petitioner is prejudiced by the less than two week delay.  Good cause appearing, the undersigned grants the government an extension of time, nunc pro tunc, and finds the motion to dismiss timely filed.  Petitioner shall file an opposition within twenty-one days from the date of this order.  L.R. 230(l).

In addition, the government seeks an extension of time to further comply with the January 30, 2023 order until 120 days after the court rules on the motion to dismiss.  Good cause appearing, the government is relieved of its obligation to further respond to the January 30, 2023 order until further order of court.

Accordingly, IT IS HEREBY ORDERED that:

1.   Petitioner's motion (ECF No. 9) is denied without prejudice, and the government is relieved of its obligation to respond thereto;

2.  The government is granted an extension of time, nunc pro tunc, to respond, and finds the April 12, 2023 motion to dismiss was timely filed;

3.  Petitioner shall file an opposition or statement of non-opposition to the April 12, 2023 motion to dismiss within twenty-one days from the date of this order; and

1          4.  The government is relieved of any further obligation to respond to the January 30,

2              2023 order until further order of court.

3   Dated:  April 17, 2023

4

5                                                            KENDALL J. NEWMAN
                                                             UNITED STATES MAGISTRATE JUDGE
6

7   /trif0182.eot

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28