1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      UNITED STATES OF AMERICA,                     No.  2:21-cr-0182 DJC KJN P

12                      Respondent,

13              v.                                     FINDINGS AND RECOMMENDATIONS

14      DORU GABRIEL TRIFU,

15                      Movant.

16

17              Movant is a former federal prisoner.  Respondent's motion to dismiss the motion to vacate

18      restitution is fully briefed.  As set forth below, the undersigned recommends that respondent's

19      motion to dismiss be granted.

20      Background

21              On September 24, 2021, movant's supervised release was transferred to this court from

22      the Southern District of Texas.  (ECF No. 1.)

23              On July 5, 2022, movant filed a motion to vacate restitution.  (ECF No. 2.)  The district

24      court referred the motion to the undersigned.  (ECF No. 4.)

25              On April 4, 2023, movant noted that the term of supervised release ("TSR") expired on

26      October 23, 2022.  (ECF No. 9 at 1, 2.)  Movant also stated that his challenge to the legality of his

27      conviction in the Southern District of Texas was rejected by the Court of Appeals for the Fifth

28      Circuit.  (Id.)  See United States v. Trifu, No. 15-41023 (5th Cir. May 19, 2016) (motion for

                                                       1

1  certificate of appealability denied).[1]  Movant filed a petition for writ of certiorari in the Supreme

2  Court which was denied on October 3, 2016.  Id.

3         On April 17, 2023, respondent filed a motion to dismiss.  (ECF No. 10.)  On April 18,

4  2023, movant filed an opposition.  (ECF No. 12.)  No reply was filed.

5  Nature of the Movant's Filing

6         Respondent objects to the construction of this motion as filed under 28 U.S.C. § 2241,

7  arguing, *inter alia*, that movant failed to file an identifiable pleading that cites a statutory basis or

8  judgment and commitment challenge.  Further, because movant is no longer under any TSR

9  restraint, respondent contends that movant is not under any custodial conditions, arguably

10  divesting this court of jurisdiction under § 2241.  Importantly, there is no petition for TSR

11  violation or request for modification of TSR terms, and there is no record of collection of any

12  money pursuant to any TSR or judgment and commitment conditions; thus, respondent contends

13  there is no case or controversy stemming from judgment conditions or terms.

14         Movant counters that jurisdiction of his case was transferred "with the intent to enforce

15  the collection of restitution payments that were ordered" in the Southern District of Texas case.

16  United States v. Trifu, No. 6:12-cv-00081 (S.D. Tex. Dec. 10, 2013) (ECF No. 74) (judgment).

17  Movant claims probation officers personally gave movant a copy of the judgment and told

18  movant that the court would be notified for failure to comply with the judgment, and statements

19  have been repeated by email and phone calls during the period of TSR.  (ECF No. 12 at 1.)

20         Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:  "shall

21  specify all the grounds for relief which are available to the petitioner and of which he has or by

22  the exercise of reasonable diligence should have knowledge and shall set forth in summary form

23  the facts supporting each of the grounds thus specified."  Rule 2(c), Rules Governing Section

24  2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally,

25

26  [1]  The court may take judicial notice of facts that are "not subject to reasonable dispute
because it . . . can be accurately and readily determined from sources whose accuracy cannot
27  reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on
official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir.
28  2010).

1  the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

2  petition is expected to state facts that point to a real possibility of constitutional error."  Advisory

3  Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977) (notice

4  pleading is insufficient).

5      The undersigned is persuaded that the July 5, 2023 motion was inappropriately construed

6  as a motion under 28 U.S.C. § 2241.  The motion does not comply with Rule 2 or 4 of the Rules

7  Governing Section 2254 Cases.[2]  While movant contends the transfer of supervised release was

8  done "with the intent to enforce the collection of restitution payments that were ordered," such

9  intent, even if true, is insufficient to constitute a sufficient basis for the motion filed herein.

10 Rather, movant is required to file a petition for writ of habeas corpus under 28 U.S.C. § 2241,

11 name a proper respondent, and provide the specific grounds for relief along with facts in support.

12 Mayle v. Felix, 545 U.S. 644, 655 (2005); see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th

13 Cir. 1990).  Thus, respondent's motion to dismiss should be granted.  In light of petitioner's claim

14 that he intends to challenge the constitutionality of the restitution order included in the criminal

15 judgment, which cannot be raised in a § 2241 motion, it is unclear whether petitioner is able to

16 file a petition under 28 U.S.C. § 2241.  See Montano-Figueroa v. Crabtree, 162 F.3d 548 (9th Cir.

17 1998) (per curiam) (allowing prisoners to use § 2241 to challenge the lawfulness of the method

18 by which restitution is collected); see also 28 U.S.C. § 2241(c).  However, in an abundance of

19 caution, the undersigned recommends that petitioner's motion be dismissed without prejudice.

20 The Motion Under 28 U.S.C. § 2255

21      Generally, a challenge to the legality of a petitioner's sentence should be brought under

22 § 2255 in the court in which the petitioner was sentenced rather than under 28 U.S.C. § 2241 in

23 the court for the geographic territory encompassing the prison in which the petitioner is confined.

24 Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

25 ////

26

27 [2]  Rule 1(b) of the Rules Governing Section 2254 Cases provides that the court may apply any or
all of the Rules Governing Section 2254 Cases to habeas petitions other than those brought under
28 § 2254.

3

1     A federal court may not entertain an action over which it has no jurisdiction.  Id. at 865.

2   A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or

3   sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

4   U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Broussard v. Lippman,

5   643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, only the sentencing court has jurisdiction.

6   Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence

7   by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United

8   States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v.

9   Flores, 616 F.2d 840, 842 (5th Cir. 1980).

10     As argued by respondent, movant identified his motion as part of his criminal case

11   transferred from the Southern District of Texas, No. 6:12-cv-00081, and named the United States

12   as the party opponent.  (ECF No. 2 at 1, 4.)  Further, in his opposition, movant confirms that he

13   intends to challenge as unconstitutional the restitution order included in the judgment issued in

14   the Southern District of Texas.  (ECF No. 12 at 1.)  Therefore, movant must bring a § 2255

15   motion in the Southern District of Texas because only the sentencing court has jurisdiction.

16   Tripati, 843 F.2d at 1163.  Accordingly, the § 2255 motion should be dismissed for lack of

17   jurisdiction.

18     Finally, movant already sought § 2255 relief from the sentencing court and the Court of

19   Appeals for the Fifth Circuit denied the certificate of appealability to hear an appeal from the

20   denial of the § 2255 motion.  Trifu, No. 6:12-cv-00081; Trifu, No. 15-41023.  Thus, the motion

21   must be treated as a successive § 2255 motion, and this court lacks jurisdiction to consider it

22   unless it meets the requirements of § 2255(h).  Under § 2255(h), "[a] second or successive § 2255

23   petition may not be considered by the district court unless petitioner obtains a certificate [from the

24   appropriate court of appeals] authorizing the district court to do so."  Id. (citing 28 U.S.C. §§

25   2255(h), 2244(b)(3)(A)).  Here, movant intends to challenge the constitutionality of the restitution

26   order contained in the judgment issued by the Southern District of Texas, located in the Court of

27   Appeals for the Fifth Circuit.  Therefore, movant must first seek authorization from the Fifth

28   Circuit to file a successive § 2255 motion in the Southern District of Texas.

1    For the above reasons, the undersigned declines to transfer the § 2255 motion to the

2    Southern District of Texas.  Rather, the motion should be dismissed for lack of jurisdiction.[3]  In

3    an abundance of caution, the undersigned recommends that the motion to dismiss be granted

4    without prejudice.

5        Accordingly, IT IS HEREBY RECOMMENDED that:

6        1. Respondent's motion to dismiss (ECF No. 10) be granted;

7        2. The 28 U.S.C. § 2255 motion to vacate (ECF No. 2) be dismissed without prejudice;

8    and

9        3. The Clerk of the Court be directed to close the companion civil case No. 2:22-cv-1198

10   KJM KJN P.

11       These findings and recommendations are submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13   after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections,

16   he shall also address whether a certificate of appealability should issue and, if so, why and as to

17   which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

18   applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

19   § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

20   service of the objections.  The parties are advised that failure to file objections within the

21   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

22   F.2d 1153 (9th Cir. 1991).

23   Dated:  July 25, 2023

24

25   Kendall J. Newman
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

     /trif0182.257

26

27   _____

28   [3]  Because the court lacks jurisdiction, the undersigned declines to address the timeliness or
     substance of movant's putative claims.